# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DOUGLAS PATENAUDE,** ) | |
| **INDIVIDUALLY AND ON BEHALF OF** ) | |
| **ALL OTHERS SIMILARLY SITUATED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 21-40018-TSH |
| **ORGAIN, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OF DECISION AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS
### March 16, 2022

**HILLMAN, D.J.**

### Introduction

Douglass Patenaude ("Plaintiff") brings this putative class action against Orgain, LLC ("Defendant") alleging that the labeling on Defendant's vanilla flavored milk is deceptive and misleading. Plaintiff asserts claims against Defendant for unfair or deceptive acts pursuant to Mass. Gen. L. c. 93A, § 2, § 9; untrue and misleading advertising pursuant to Mass. Gen. L. c. 266, § 91, and for unjust enrichment. Before the court is Defendant's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant's motion to dismiss is **granted**.

**Background**

The following facts are drawn from the Second Amended Complaint ("Sec. Am. Compl."), *see* Docket No. 14, the well-pleaded allegations of which are taken as true for the purposes of evaluating the motion to dismiss. *See Ruivo v. Wells Fargo Bank, N.A.*, 766 F.3d 87, 90 (1st Cir. 2014). Certain details are also selected from documents and product packaging referred to in the SAC. *See Alvarez-Mauras v. Banco Popular of P.R.*, 919 F.3d 617, 622 (1st Cir. 2019).

Defendant "labels, markets, and sells a food product, known as a 'Vanilla' almond milk, under the brand name of 'Orgain.'" in an "Unsweetened Vanilla" flavor (the "Product"). Sec. Am. Compl., ¶2. The front label of the Product prominently displays the word "vanilla" without additional language modifiers. The Product carton includes the following front label and ingredient list:



In his Second Amended Complaint, Plaintiff claims he purchased the Product "on several occasions" at a Target store in Framingham, Massachusetts. Sec. Am. Compl., ¶14. He alleges the label's reference to the Product's flavor—"Unsweetened Vanilla"—misled him and other consumers to the conclusion that the Product "contain[s] vanilla, not as an exclusive ingredient, but as one of its characterizing ingredients, contributing to the Product's Characterizing Flavor." *Id.* ¶6.

Plaintiff alleges that "some oil, protein, essence, or other extraction of the vanilla plant's bean pod may have been used to create the Product's Natural Flavors." *Id.* ¶87, but claims that the Product does not contain vanilla. *Id.* ¶22. Plaintiff asserts that he would not have purchased the product at full retail price if it were not for the deceptive practices by the Defendant which led him to believe the product contained vanilla. *Id*. at ¶39, ¶¶42-43. Plaintiff does not allege any testing or other factual basis for what natural flavors the Product contains or whether those natural flavors include vanilla extract.

## Procedural Background

On May 7, 2021, Plaintiff made a formal demand pursuant to the Consumer Protection Act, Mass. Gen. L. c. 93A, § 9, requesting Defendant to cease its alleged deceptive practice and agree to renumerate Plaintiff and the class he represents. Defendant did not respond within the statutorily prescribed 30 days, but on June 9, 2021, Defendant responded claiming that they strictly comply with all food labeling regulations and that Plaintiff had no claim. Plaintiff alleges unfair or deceptive acts pursuant to Mass. Gen. L. c. 93A, § 2 and 940 Code of Massachusetts Regulations §§ 3.02, 3.05(1), 3.05(2), 3.16(2), 3.16(3) and 3.16(4), alleges untrue and misleading advertising pursuant to Mass. Gen. L. c. 266, § 91, and alleges recovery upon a theory of unjust

3

enrichment. Defendant moves to dismiss all claims in the Second Amended Complaint arguing that Plaintiff has failed to state a claim in all counts.

## Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC,* 734 F.3d 132, 137 (2d. Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. In applying these principles, the Court may consider facts alleged in the complaint and documents attached to it or incorporated by reference. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d. Cir. 2002) (internal quotation marks and citation omitted).

## Mass. Gen. L. c. 93A, § 2, § 9 and c. 266, § 91

Plaintiff's first claim is based on alleged violations of unfair or deceptive acts or practices in violation of the Mass. Gen. L. c. 93A, §2 and §9. Defendant disputes both that a reasonable consumer would be misled by the labeling of its Product and that the deception was material.

"To plausibly state a Chapter 93A claim premised on a deceptive act, the plaintiff must allege (1) a deceptive act or practice on the part of the seller; (2) an injury or loss suffered by the consumer; and (3) a causal connection between the seller's deceptive act or practice and the consumer's injury." *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 71 (1st Cir. 2020) (citing *Casavant v. Norwegian Cruise Line, Ltd.*, 76 Mass.App.Ct. 73, 919 N.E.2d 165, 168-69 (2009))

4

(internal citation omitted). The first element of a Chapter 93A claim, that a plaintiff has alleged a deceptive act or practice on the part of the seller itself requires a showing of three elements: "(1) there must be a representation, practice, or omission likely to mislead consumers; (2) the consumers must be interpreting the message reasonably under the circumstances; and (3) the misleading effects must be 'material,' that is likely to affect consumers' conduct or decision with regard to a product." *In the Matter of Int'l Harvester Co.*, 104 F.T.C. 949 (1984); *see Aspinall v. Philip Morris Companies, Inc.*, 442 Mass. 381, 396, 813 N.E.2d 476, 488 (2004) (finding Massachusetts comports with the interpretations of the term "deceptive" under the Federal law).

While the Second Amended Complaint alleges the Product label is deceptive, such a claim is "a legal conclusion that is not deemed true even on a motion to dismiss." *Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 2172833, at *2 (N.D. Cal. Mar. 24, 2021) (dismissing claims that soft serve ice cream described on menu boards as 'Vanilla' or 'Vanilla Cone' would mislead reasonable consumers to believe the ice cream was flavored by real vanilla).

To plausibly claim that an act or practice is deceptive, a complaint must allege that the act has the "capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted." *Tomasella*, 962 F.3d at 71 (listing a deceptive act or practice as an element of a Chapter 93A claim) (citing *Aspinall v. Philip Morris Companies, Inc.*, 442 Mass. 381, 395, 813 N.E.2d 476, 487 (2004)) (internal citation omitted). It is well established that a reference to "vanilla" on the front label of a product is insufficient to establish a finding that a reasonable consumer would be misled. *See, e.g.*, *Nacarino v. Chobani, LLC*, No. 20-cv-07437- EMC, 2021 WL 3487117, at *4 (N.D. Cal. Aug. 9, 2021) (dismissing a claim of deception based on labeling containing the word vanilla when the product did not

contain flavoring exclusively or predominately from vanilla bean); *Fahey v. Whole Foods Market, Inc.*, No. 20-CV-06737-JST, 2021 WL 2816919, at *2 (N.D. Cal. June 30, 2021) (same); *Twohig v. Shop-Rite Supermarkets*, Inc., 519 F.Supp.3d 154, 160-161 (S.D.N.Y. 2021) (same). "[A] reasonable consumer would understand that 'vanilla' is merely a flavor designation, not an ingredient claim" and therefore would not be misled in thinking the product contains vanilla. *Twohig*, 519 F.Supp.3d. at 161.

The Court holds – as many district courts across the country have – that the word "vanilla" without any qualifying terms does not lead a reasonable consumer to believe that the vanilla flavor came exclusively or predominantly from vanilla beans. The Product label does not make any reference to vanilla extract, vanilla beans or "real" vanilla at all, much less to how much of the natural flavor is supplied by vanilla extract versus any other flavor source. The label also does not bear any image of a vanilla plant, vanilla flower or vanilla beans. Courts have repeatedly granted motions to dismiss identical or nearly identical cases alleging a product label's reference to "vanilla" was misleading. *See Garadi v. Mars Wrigley*, No. 19-CV-03209-RJD, 2021 WL 2843137 (E.D.N.Y. July 6, 2021) (dismissing case involving "vanilla" ice cream bars); *Fahey*, 2021 WL 2816919, at *3 (dismissing "vanilla almondmilk" case, observing that "the Product's label does not include any phrases or images that would lead a reasonable consumer to understand 'vanilla' to be referencing an ingredient rather than a flavor"); *Clark v. Westbrae Natural, Inc.*, No. 20-CV-03221-JSC, 2021 WL 1580827 (N.D. Cal. Apr. 22, 2021) (dismissing as implausible complaint alleging product labeled as "vanilla soymilk" would mislead reasonable consumers to believe it was flavored by a vanilla bean plant); *Dashnau v. Unilvever Manufacturing, Inc.,* 529 F.Supp.3d 235, 245 (S.D.N.Y. 2021) (dismissing as implausible plaintiffs' claims that product labeled "vanilla bean ice cream" would mislead

reasonable consumers to believe product is flavored with vanilla extract); *Harris*, 2021 WL 2172833 ("vanilla cone"); *Budhani v. Monster Energy Co.*, 527 F.Supp.3d 667, 682-683 (S.D.N.Y. 2021) ("Espresso Monster Vanilla Cream" product); *Cosgrove v. Oregon Chai, Inc.*, 520 F.Supp.3d 562, 580 (S.D.N.Y. Feb. 21, 2021) ("vanilla" chai tea latte); *Parham v. Aldi, Inc.*, 2021 WL 709632 (almond milk labeled "unsweetened vanilla"); *Twohig*, 519 F.Supp.3d at 161 ("vanilla" soymilk); *Wynn v. Topco Associates, LLC*, No. 19-CV-11104, 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) ("Vanilla Almond milk"); *Barreto v. Westbrae Natural, Inc.*, 518 F.Supp.3d 795. (S.D.N.Y. 2021) ("Vanilla Soymilk"); *Cosgrove v. Blue Diamond Growers*, No. 19-CV-8993-VM, 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020) ("Vanilla" almond milk); *Pichardo v. Only What You Need, Inc.*, No. 20-CV-493-VEC, 2020 WL 6323775, at *4 (S.D.N.Y. Oct. 27, 2020). ("Smooth Vanilla" protein drink); *Steele*, 472 F.Supp.3d 47 ("vanilla ice cream").

In addition to the deficiency of the claim that the product labeling is misleading, the claim of deception is premised on the allegation that the Product does not contain vanilla and that claim itself is without merit. The Court need not presume as true a complaint's "naked assertion devoid of further factual enhancement." *See Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, (1986)) (internal quotations omitted). Without an allegation of product testing or a claim that his palate could discern the ingredients that make up the vanilla flavor, the claim that the product does not contain vanilla is "naked assertion." *See Budhani*, 527 F. Supp. 3d at 682 (finding a complaint must plead an understanding as to why a product does not contain an ingredient); *Robie v. Trader Joe's Co.*, No. 20-CV-07355-JSW, 2021 WL 2548960, at *5 (N.D. Cal. June 14, 2021) (finding allegations that the flavoring is artificial without further support are insufficient to state a claim).

7

Furthermore, the Second Amended Complaint does not support the foundational assertion that the Product does not contain vanilla, as Plaintiff concedes that "some oil, protein, essence, or other extraction of the vanilla plant's bean pods may have been used to create the Product's Natural Flavors." (Sec. Am. Compl. ¶87). A claim that a product is misleading because it does not contain vanilla, must plausibly state that it does not contain vanilla, and without such a plausible claim the Plaintiff's allegation of deception must fail. *See Budhani*, 527 F. Supp. 3d at 682.

Plaintiff attempts to distinguish his claims from the cases cited by the Defendant, arguing that those cases were premised the claim that the product was deceptive because it was not *exclusively* flavored by vanilla, compared to his allegation that the product *contained no vanilla*. (emphasis added). This is inadequate for two reasons. First, as mentioned above, Plaintiff fails to plausibly plead that the Product does not contain vanilla. *See id.* Plaintiff relies on *Sharpe v. A&W Concentrate Company* in support of this claim, however *Sharpe* is inapposite. *See Sharpe v. A&W Concentrate Co.,* 481 F. Supp. 3d 94, 102 (E.D.N.Y. 2020) (finding a product label which stated "made with aged vanilla" was deceptive after testing the contents and determining its flavored derived primarily from artificial flavors). The Plaintiff in *Sharpe* relied on scientific testing to make the claim that the product does not contain vanilla, for which there are no allegations here. Second, Plaintiff's claim that Defendant only cites cases where the claim is premised on exclusive vanilla flavoring is false. Many of the cases Defendant cites involve the same claim as Plaintiff: that a product with a front label containing the word 'vanilla' should derive its flavor predominately from vanilla and not natural or other flavoring. *See Nacarino*, 2021 WL 3487117, at *4 (dismissing a claim of deceptive acts or practices based on labeling

8

containing the word vanilla when the product did not contain flavoring predominately from vanilla bean); *Fahey*, 2021 WL 2816919, at *2 (same); *Twohig*, 519 F.3d. at 161 (same).

Plaintiff also contends that a reasonable consumer could be misled by a front label regardless of the existence of a complete and accurate list of ingredients provided on the back of the product. Likewise, this claim relies on a citation which is based on fact which are easily differentiated. Plaintiff cites to *Dumont v. Reily Foods Co.*, which is similarly distinguishable because that case lacked any dispute over the fact that the product did not contain ingredient in question. *See Dumont v. Reily Foods Co.*, 934 F.3d 35, 40 (1st Cir. 2019) (finding a reasonable consumer may be misled by a front label even if the product contained a complete list of ingredients on the back of the product when the front label mentions vanilla and tests of the product show no vanilla ingredient). Therefore, Plaintiff's Chapter 93A claim fails because he does not sufficiently plead a "representation, practice, or omission likely to mislead consumers." *Int'l Harvester* 104 F.T.C. at 949.

Plaintiff's complaint also fails to state a Chapter 93A claim because the allegations do not plausibly establish that the Product misleads consumers in a material way. *See Tomasella*, 962 F.3d at 73 (finding a Chapter 93A claim of deceptive practice requires materiality). To establish a Chapter 93A claim "the misleading effects [of the deceptive act or practice] must be 'material,' that is likely to affect consumers' conduct or decision with regard to a product." *Int'l Harvester Co.*, 104 F.T.C. at 949. Plaintiff alleges that "the presence of real ingredients in food products, such as vanilla, has a material bearing on consumers' purchasing decisions" and that "a food product's front label is the most significant part of a food product's label that affects reasonable consumers purchasing decisions as consumers attempt to quickly make informed purchasing decisions." Sec. Am. Compl. ¶¶ 48, 56. However, "[a] reasonable consumer would understand

9

that 'vanilla' [on a product's front label] is merely a flavor designation, not an ingredient claim," and therefore would not be materially mislead by such a distinction on the front label. *Twohig*, 2021 WL 518021, at *3.

Finally, the Plaintiff fails to allege facts that show reasonable consumers would be materially mislead when a product's label uses the word "vanilla" and its natural flavor comes in part, but not exclusively, from the vanilla bean as opposed to other natural vanilla sources. The product's label does not make a representation as to the proportion or source of the vanilla flavor and the Plaintiff fails to explain why reasonable consumers would be misled using natural flavoring in a product, which does taste like vanilla. In contrast to the Plaintiff's assertion, a "vanilla product that exclusively uses vanilla extract for vanilla flavor is not healthier — or materially different in any other way — than a vanilla product" that derives its vanilla flavor from "some other natural source." *Pichardo,* 2020 WL 6323775, at *4. "The [c]ourt cannot accept the conclusory allegation contained in the [Second Amended Complaint] as a well-pled allegation that consumers view the percentage of vanilla taste that derives from vanilla extract to be a material fact that influences consumers' buying habits." *Id*. at *6 (S.D.N.Y. Oct. 27, 2020). Therefore, Plaintiff's Chapter 93A claim fails without a plausible allegation of a deceptive act or practice that materially mislead consumers. *See Int'l Harvester Co.*, 104 F.T.C. at 949 (finding a deceptive act requires consumers to be materially mislead).

<u>Mass. Gen. L. c. 266, § 91</u>

Next, Plaintiff asserts that "Defendant's labeling, advertising, promotion, and marketing of its Products are untrue, deceptive, and misleading, in violation of Mass. Gen. L. c. 266, § 91." Sec. Am. Compl. ¶135. Mass. Gen. L. c. 266, §91 provides in relevant part that an advertisement which "contains any assertion, representation or statement of fact which is untrue, deceptive or

10

misleading, and which such person knew, or might on reasonable investigation have ascertained to be untrue, deceptive or misleading, shall be punished." Mass. Gen. L. c. 266, §91. Therefore, to state a claim under Mass. Gen. L. c. 266, §91, a Plaintiff must plausibly allege that an advertisement was misleading or deceptive. *See Blake v. Pro. Coin Grading Serv.*, 898 F. Supp. 2d 365, 396 (D. Mass. 2012) (finding a plaintiff's allegations of "business chicanery" do not state a claim under Mass. Gen. L. c. 266, §91 because the plaintiff fails to allege a false or misleading statement). Plaintiff fails to plausibly allege the label of Product is deceptive or misleads consumers and does not allege the label is untrue. As such, Plaintiff's c. 266 claim fails for the same reasons his Chapter 93A claim fails.

### Unjust Enrichment

Plaintiff's third and final claim is that "[a]s a direct and proximate result of Defendant's misconduct as set forth above, Defendant has been unjustly enriched." Sec. Am. Compl. ¶140. However, a "a party with an adequate remedy at law cannot claim unjust enrichment." *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 16 (1st Cir. 2017). The viability of a Chapter 93A claim is irrelevant as the "mere availability" of a legal remedy bars a claim to unjust enrichment. *Fernandes v. Havkin,* 731 F.Supp.2d 103, 114 (D.Mass. 2010). Rather than a catchall which could apply to otherwise failed claims, unjust enrichment is an "equitable stopgap for occasional inadequacies in contractual remedies at law." *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 234 (1st Cir. 2005). Therefore, the fact that the Plaintiff failed to plead the elements necessary for another contractual or statutory claim does not allow him to assert a claim on a theory of unjust enrichment. *See Lima v. Post Consumer Brands*, LLC, No. 18-CV-12100-ADB, 2019 WL 3802885, at *10 (D. Mass. Aug. 13, 2019) (finding plaintiffs

did not have unjust enrichment claim simply because they had not been reasonably misled and therefore could not establish a claim to other contractual or statutory remedies).

Furthermore, the cases which defendant cites, *Cooper v. Charter Communications Entertainments I, LLC*, *Lass v. Bank of America, N.A.*, and *Vieira v. First Am. Title Ins. Co.* are distinguishable in that they all involved a question of whether the dispute was covered by an express contract. *See Cooper v. Charter Communications Entertainments I, LLC*, 760 F.3d 103, 112-113 (1st Cir. 2014) (finding that the court could not foreclose express contract claims at the motion to dismiss stage); *Lass v. Bank of America*, N.A., 695 F.3d 129, 140-41 (1st Cir. 2012) (reversing the judgement that a claim of unjust enrichment should be dismissed based on interpretation of the express contract); *Vieira v. First Am. Title Ins. Co.*, 668 F.Supp.2d 282, 294-295 (D. Mass. 2009) (finding Plaintiffs fail to state an alternative claim under unjust enrichment without a clear demonstration of certain elements of the contract). Therefore, Plaintiff's contention that it is permissible to plead both an unjust enrichment claim and an alternative cause of action at the pleading stage is correct, but fails to address the fact that the availability of a Chapter 93A claim bars any unjust enrichment claim. *See Shaulis*, 865 F.3d at 16 (holing the availability of a chapter 93A claim, albeit a nonviable claim, bars a claim of unjust enrichment); *Vieira*, 668 F. Supp. 2d at 295 ("Fed.R.Civ.P. 8(d)… permits Plaintiffs to plead alternative and even inconsistent legal theories, such as breach of contract and unjust enrichment, even if Plaintiffs only can recover under one of these theories"). Plaintiff has failed to allege that any gains to Defendant would be unjust because he has not plausibly alleged that a reasonable consumer would be misled or deceived by the Product's label.

## **Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss (Docket No. 16) is ***granted***.

**SO ORDERED.**

          ***/s/ Timothy S. Hillman***
          **TIMOTHY S. HILLMAN**
          **DISTRICT JUDGE**